; The Chief Justice, delivered the following opinion of the court -. — Hart, upon motion, on ten days previous notice, and without any defence, had judgment in the Franklin circuit court, upon a replevin bond, entered into by Gano, with his security, for the payment of rent, due from him, as tenant in possession*
The first assignment of error suggests,, “That the warrant of distress is illegal ; being issued on the day on which the rent became due ; and because it does not Constitute a special bailiff, or go to the officer to execute.
. It is trim, that distress cantiot be made on the day on which the rent becomes due, because the tenant has the whole day to pay it in ; but it does not therefore follow, that a command or authority, given on that day, to a bailiff or officer, to make distress generally, would make void a distress on the day succeeding, or afterwards. A warrant of distress may be Useful to the officer, as evidence of his authority, in casé he shall be sued in an action of replevin dr trespass', whereby to make out his justification ; hut if made out by parol, would equally justify. The warrant constitutes no part of the bond, oil which judgment was rendered ; and, of itself, properly Wakes no párt of the record.* Whether the officer had áuthórity dr not, to distrain, comes too late to be inquired into here. If an illegal arid tortudus distress had been Wade, the tenant had his appropriate remedy ; but after bofid executed for payment in three months, and judg-ineS had upon motion, without objection ;this court can-fiot ribw go beyond the bond itself, to inquire into the transaction.
The replevy, bond recites the authority as, being given to Paschal Hickman, as sheriff of Franklin county, to maid? distress of the goods óf Gano, in the house he dwelt in, or on the premises in his possession* for 36/. refit due on the 16tfi January 1805 ; and álso, recites the warrant as being made on the sanie day; but the re-plevy bond does not state the distress to have been made on that day* ifimplication were td.be indulged, it. must, from the date bf the warrant of distress, and time of replevying, be presuméd, that it was not made off thé' day thé réiít he'caWe düé;

See Hubbk-vs. Mullanfb},cr,tt

The second assignment supposes it, was erroneous to enter judgment without calling the defendants.* They had notice of the day on which the motion was intended, and should have made defence, if any they had, when tine sur>ject was before the court. The court was not bound to wait upon the negligence of the parties ; and we cannot presume that business was transacted secretly in a court of justice.
The third assignment asserts, that the court had not jurisdiction. The replevin bond recites, that John Hart was landlord to the above bound I. E. Gano, in the town of Frankfort, and county of Franklin ; and also, that he dwelt on the premises ; and recites also, the authority as given to P. Hickman, as sheriff of Franklin : so that the bond has been returned to a court of competent jurisdiction, within the county in which the demised premises are fairly presumed to lie, (from the recitals in the bond) as well as to the court whose process the officer taking the bond was more especially bound to execute ; either of which, would give jurisdiction to a court in such cases. In Furguson, &c. vs. Moore, 2 Wash. 54, such was the construction given by the court of appeals of Virginia, to the statute which regulates the proceedings in this case. If, however, the facts were otherwise than as before implied, they should have been made out in evidence, upon objections to the jurisdiction in the circuit court. It is now too late to take exceptions to the jurisdiction, not arising from the face of the proceedings. The manner prescribed for obtaining judgment on such bonds, by the statute of Virginia, is the same as upon replevin bonds, taken by virtue of writs oifieri facias ; which then was by motion, on ten days notice ; and being so engrafted on the original act, now in force in this state, must be considered as part of that act, and in force also.
The fourth assignment, charges a defect in the reple-vin bond, “ Inasmuch as it does not express that it was taken for goods, or other estate distrained for rent, and restored to the debtor or said obligor.”
The bond does not say, that distress had actually been made ; but after reciting the issuing of the warrant or *299 authority to distrain ; the amount of rents ; when due, &c. salth, “ The aforesaid I. E. Gano availeth himself of the right he has to replevin, which was granted him, by entering into this bond, with the above bound Green-up, his security ; and all proceedings in the warrant of distress stayed. Now,” &c.
Allen and Littell, for the plaintiffs; Talbot arid Hardin, for the defendant.
This expresses clearly, the consideration and cause of taking the bond : and there is no distinction in reason, between a replevin, permitted, to-sane-the property from distress, and to release it from distress. No right has been withheld from the tenant, but he has experienced the easement intended by the statute, to its fullest extent.-Judgment affirmed.

 Tuntell vs. M'Clelland, Spring term 1806, S. P.

 In the cafes of Johnjon vs. Brown, Spring term 1800, and Carreal vs. Grant, &c. Spring term 1805 ; it was held, that if, after a jury was sworn in a caufe, a non fui t was entered, it was indiipenfable that the record ihould Ihew that the pIainüíf*Was called, and made default.